**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES
OF AMERICA,**

       Respondent,        **CRIMINAL ACTION NOS. 06-CR-20645-DT; 07-CR-20048-DT**
                                 **CIVIL ACTION NOS. 07-CV-14737-DT; 07-CV-14738-DT**

**vs.**

                                   **DISTRICT JUDGE GERALD E. ROSEN**

**JERRY BLEWETT,**            **MAGISTRATE JUDGE MONA K. MAJZOUB**

       Movant.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** Movant Blewett's Motion to Vacate Sentence (No. 06-20645, docket no. 6; No. 07-20048, docket no. 6)[1] should be **DENIED**.

**II.**    **REPORT:**

This is a motion to vacate sentence filed by a federal prisoner pursuant to 28 U.S.C. § 2255. (Docket no. 6). Movant filed his motion on November 5, 2007. His Judgment on Violation of Supervised Release was entered on May 31, 2007. (Docket no. 5). The district court sentenced him to 24 months in prison consecutive to his 165 months sentence imposed on his guilty pleas to two counts of bank robbery in case number 06-CR-20645. (Docket no. 6 at 1).

Movant claims in his section 2255 motion that Assistant United States Attorney Feller induced his guilty plea to his supervised release violation "by telling me he was going to recommend

---

[1] Citations to the record will be to Case Number 07-CR-20048, unless otherwise indicated.

-1-

concurrent sentencing and then at the time of sentencing recommended a consecutive sentence which the judge imposed." (*Id*. at 4). Movant was represented at his supervised release revocation hearing and sentencing by Federal Public Defender Helfrick. Attached to Movant's section 2255 motion is a letter dated May 25, 2007, two days after Movant's revocation hearing, from Mr. Helfrick to Mr. Feller in which Mr. Helfrick states that during a debriefing of Movant on December 21, 2006 AUSA Feller "advised Mr. Blewett that when he had his supervised release hearing you were going to recommend concurrent time. Following his sentencing before Judge Lawson you told me that you were going to take no position on the sentence at the supervised release hearing." (*Id*., ex. 1). Movant does not specify the relief that he is seeking.

Respondent filed its Response to the section 2255 motion on January 15, 2008. (Docket no. 11). The government denies that it made any promise to Movant to recommend that his sentence for violating supervised release be served concurrently with his sentence for bank robbery. (*Id*.). However, the government contends that this Court need not decide that issue because Movant's failure to raise this issue at his sentencing or on appeal serves as a procedural default and a bar to section 2255 relief. Movant was advised that he could file a Reply brief but he failed to do so. (Docket no. 8). This matter was referred to the undersigned for a Report and Recommendation. (Docket no. 7). The Court dispenses with oral argument and finds that an evidentiary hearing is not required. This matter is therefore now ready for ruling.

### A. FACTS

The record shows that on January 5, 2007 Movant pled guilty to two counts of bank robbery before Judge Lawson. (Docket no. 11, ex. 3). Movant entered his pleas pursuant to a written plea agreement. (*Id*. ex. 1). There is no provision in that plea agreement in which the government agrees

to a sentence, concurrent or consecutive, for Movant's violation of his supervised release. (*Id.*). That agreement specifically states that the "agreement concerning imprisonment described in [an earlier paragraph] does not apply to any term of imprisonment that results from any later revocation of supervised release." (*Id.* ¶ 3(B)).

The hearing on the revocation of Movant's supervised release took place on May 25, 2007 before Judge Rosen. (*Id.* ex. 5). Movant's counsel, Mr. Helfrick, admitted the violation of supervised release. AUSA Feller stated that after consulting with the probation officer he "would ask for a sentence of 24 months consecutive to the sentence imposed by Judge Lawson." (*Id.*). Public Defender Helfrick asked the court to run Movant's sentence concurrent with Movant's other sentence. (*Id.*). The court asked Movant if he wished to address the court before sentence was imposed, but he declined to comment. (*Id.*). The court then sentenced Movant to two years consecutive to the sentence imposed by Judge Lawson. There was no mention during Movant's revocation hearing of any promise by the government to recommend a concurrent sentence or to take no position on the issue. Movant did not appeal his two-year sentence. (Docket no. 6 at 2; docket sheet).

### B.     STANDARD

The dispositive issue in this case is whether Movant procedurally defaulted his claim that the government unlawfully induced his guilty plea to violating his supervised release conditions by an unfulfilled promise that it would recommend a concurrent sentence. A movant procedurally defaults a claim that the government breached a plea agreement if he fails to raise the issue at sentencing or on appeal. *See Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). If the movant has procedurally defaulted a claim, he must demonstrate cause and prejudice to excuse the default

in a section 2255 proceeding. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986). To show cause, the movant must point to "some objective factor external to the defense" that prohibited him from raising the issue at sentencing or on appeal. *Id*. at 488. To show prejudice, the movant must demonstrate an error that worked to his actual and substantial disadvantage. *United States v. Frady*, 456 U.S. 152, 170 (1982). If the movant fails to show either cause or prejudice to excuse the procedural default, section 2255 relief is barred. *Id*. at 168. Movant does not claim to be actually innocent of the supervised release violations.

### C. ANALYSIS

The record in this action shows that Movant failed to raise his claim of an unlawfully induced guilty plea at his revocation hearing and that he failed to appeal his sentence and raise the issue on appeal. (Docket no. 11, ex. 5; docket sheet). He therefore procedurally defaulted this claim twice. *See Elzy*, 205 F.3d at 884. Movant must demonstrate cause for failing to raise the issue and prejudice from the alleged violation of his rights. *Murray*, 477 U.S. at 485. As the government argues, Movant has failed to offer any reason why he failed to raise this claim during his sentencing or on appeal. He also fails to allege that he suffered any prejudice as a result of this alleged violation of his rights. Movant has therefore failed to demonstrate either cause or prejudice to excuse his double procedural default. Relief on his claim is barred. *See Frady*, 456 U.S. at 168. Movant's Motion to Vacate Sentence should be denied.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver

of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 22, 2008	s/ Mona K. Majzoub
	MONA K. MAJZOUB
	UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Jerry Blewett at Big Sandy, U.S. Penitentiary P.O. Box 2068, Inez, KY 41224 and Counsel of Record on this date.

Dated: April 22, 2008	s/ Lisa C. Bartlett
	Courtroom Deputy